### 50905. CHAPMAN v. ARGONAUT INSURANCE COMPANY et al.

BELL, Chief Judge.
Plaintiff leased land to defendant Akin for use in connection with Akin's construction contract with DeKalb County. An action subsequently was brought

against Akin for past due rent and damages to the land and against defendant Argonaut as surety on its payment bond. Akin failed to answer the complaint and is in default. Defendant Argonaut's motion to dismiss for failure to state a claim upon which relief could be granted was sustained. *Held:*

The bond was statutorily required and was drawn in the exact words of the statute for the "use and protection of all subcontractors and all persons supplying labor, materials, machinery, and equipment in the prosecution of the work provided for in said contract." Code Ann. § 23-1705 (2). A liberal construction of a public contractor bond has been applied by numerous decisions. See *Somers Const. Co. v. Atlantic C. L. R. Co.,* 62 Ga. App. 23, 25 (7 SE2d 429). However, the utilization of pasture land by a contractor in order for him to properly perform his contract, as plaintiff alleged in his complaint, does not fall within the categories of supplying labor, material, machinery and equipment. To construe the statute and the bond to the contrary would require us to rewrite them which we cannot do. Plaintiff would not be entitled to relief against the defendant surety under any facts which he could prove in support of his claim.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED SEPTEMBER 29, 1975.

*McCurdy & Candler, George H. Carley,* for appellant.

*Smith, Currie & Hancock, Aubrey L. Coleman, Jr.,* for appellees.